R. C. HOSKINS, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

R. C. HOSKINS, Plaintiff-Cross-Appellant,

v.

UNITED STATES of America, Defendant-Cross-Appellee.

Nos. 19811, 19812.

United States Court of Appeals, Sixth Circuit.

May 6, 1970.

Daniel B. Rosenbaum, Atty., Dept. of Justice, Washington, D. C., for the United States; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., on brief; John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., of counsel.

Anna F. Hinds and Harold B. Stone, Knoxville, Tenn., for R. C. Hoskins; Stone & Bozeman, Knoxville, Tenn., of counsel.

Before PHILLIPS, Chief Judge, and CELEBREZZE and COMBS, Circuit Judges.

## PER CURIAM.

This action was commenced by the taxpayer in the United States District Court for the Eastern District of Tennessee to recover amounts he paid the Government under a compromise tax agreement entered into pursuant to Section 7122 of the Internal Revenue Code of 1954, 26 U.S.C. § 7122 (1964). Federal jurisdiction was invoked pursuant to 28 U.S.C. § 1346(a) (1) (1964).

The District Court found that the taxpayer was entitled to a refund with regard to certain property acquired by the Appellant with his own funds after and apart from the obligations arising under the compromise agreement entered into by the parties. It upheld, however, the tax assessments of the Government with regard to certain other properties of the taxpayer about which the District Court found the Appellant had impliedly promised "not to dispose of * * * without consideration," 299 F.Supp. at 1232, infra. See Mechanical Ice Tray Corp. v. General Motors Corp., 144 F.2d 720 (2d Cir. 1944); Crossland v. Kentucky Blue Grass Seed Growers' Ass'n, 103 F.2d 565 (6th Cir. 1939); Wood v. Lucy, Lady Duff-Gordon, 222 N.Y. 88, 118 N.E. 214 (per Cardozo, J.). From this judgment, the Government appeals and the taxpayer cross-appeals.

Upon due consideration of the record, briefs and oral arguments of counsel, we conclude that the judgment of the District Court be and is hereby affirmed for the reasons set forth in the memorandum opinion of the Honorable Robert L. Taylor, reported at 299 F.Supp. 1229 (E.D.Tenn.1969).

We further order that each party shall pay his own costs.