HICKMAN, WILLIAMS AND COMPANY, Plaintiff,

v.

INGRAM COAL COMPANY, etc., Defendant and Third-party plaintiff,

v.

P. & C. BITUMINOUS COAL COMPANY, INC., Third-party defendant.

Civ. A. No. 3:83–0394.

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 9, 1984.

Barbara Moss, Gullett, Sanford & Robinson, Nashville, Tenn., for plaintiff.

Jay Bowen, Bass, Berry & Simms, Nashville, Tenn., for defendant and third-party plaintiff.

David G. Gray, Nashville, Tenn., for third-party defendant P. & C. Bituminous Coal Co., Inc.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, sitting by designation.

This is a diversity-action, 28 U.S.C. § 1332(a)(1), (c), in which the plaintiff seeks reimbursement for demurrage[1] it paid to the carrier of certain coal it had sold to the defendant. The defendant moved for a summary judgment on that claim and, alternatively, on its third-party claim. Rule 56(a), (b), F.R.Civ.P. Such motion lacks merit.

The pleadings and other documents of record reflect that the defendant Ingram Coal Company (Ingram) purchased from the plaintiff Hickman, Williams & Company (Hickman-Williams) a quantity of coal which was loaded on three barges for delivery. Contemporaneously therewith, Ingram resold the coal to the third-party defendant P & C Bituminous Coal Company, Inc. (P & C), and Hickman-Williams was so notified.

The barge-carrier was instructed to deliver the coal to P & C (or to its ultimate

---

1. For present purposes, the Court uses the term "demurrage" broadly so as to encompass what, strictly speaking, should be referred to as "damages in the nature of demurrage."

consignee(s)), which it did. As a consequence of the alleged undue delay in unloading the coal at its ultimate destination(s), the barge-carrier assessed Hickman-Williams $32,140 in demurrage, which sum the latter paid.

■ Initially, the Court notices that this is not an action brought by a carrier to recover demurrage; instead, it is an action brought by a charterer to be indemnified for demurrage which it paid to the carrier. Hickman-Williams appears to recognize that, as the charterer, it was liable to the barge-carrier for the demurrage that accrued as a result of any excessive detention of the barges.[2] It seeks indemnification from Ingram for the demurrages it paid to the barge-carrier.

" * * * A person compelled to pay demurrage may recover it from the person primarily liable, but only on clear proof that such demurrage has been or must be paid and that responsibility therefor rests on the person from which indemnity is sought * * *." 80 C.J.S. 1162, Shipping § 218. The thrust of the plaintiff's claim is that responsibility for the demurrage paid by it rests on Ingram, not because of any fault on the part of Ingram, but because of an implied contractual undertaking by which Ingram would be responsible for any demurrage. Hickman-Williams claims (in its brief) that " * * * pursuant to business usage and custom * * * an implied term of the sale of the coal to Ingram was that Ingram would be responsible for any charges, including demurrage, accruing after the transfer of title [to the coal]. * * "

■ It is well settled that " * * * a contract includes, not only the promises set forth in express words, but, in addition, all such implied provisions as are indispensible to effectuate the intention of the parties and as arise from the language of the contract and the circumstances under which it was made. * * * " Sacramento Nav. Co. v. Salz, 273 U.S. 326, 329, 47 S.Ct. 368, 369[4], 71 L.Ed. 663 (1927); see Bailey v. Chattem, Inc., 684 F.2d 386, 396[15] (6th Cir.1982) ("Under Tennessee law contract terms may be implied in appropriate cases.") A contractual obligation will be implied " * * * when it is clear that such was intended. * * * " Big Cola Corporation v. World Bottling Co., 134 F.2d 718, 721[2] (6th Cir.1943).

■ Whether an obligation on the part of Ingram to reimburse the plaintiff for its demurrage-expense should be implied in its contract with Hickman-Williams involves a consideration of what was " * * * in the minds of the parties when the contract was executed * * * " and " * * * the intention of the parties as gathered from all of the terms of the contract considered in light of the surrounding circumstances. * * * " E.O. Bailey & Co. v. Union Planters Title Guaranty Co., 33 Tenn.App. 439, 232 S.W.2d 309, 316[9, 10] (1949), cert. den. by Sup.Ct. of Tenn. (1949). These, however, are matters which are not subject to disposition on motion for summary judgment. Heheman v. E.W. Scripps Co., 661 F.2d 1115, 1128–1129 (6th Cir.1981); Proctor & Schwartz, Inc. v. U.S. Equipment Co., 624 F.2d 771, 774–776 (6th Cir.1980); Jones v. General Tire & Rubber Co., 541 F.2d 660, 663, n. 3 (7th Cir.1976).

It results, that the motion of the defendant and third-party plaintiff for summary

---

2. The shipping party (charterer) is ordinarily responsible to the carrier for demurrage. See Crossman v. Burrill, 179 U.S. 100, 110, 21 S.Ct. 38, 41, 45 L.Ed. 106 (1900); Sause Bros. Ocean Towing Co., Inc. v. Gunderson, Inc., 265 Or. 568, 510 P.2d 541, 547[7] (1973); Gilmore & Black, The Law of Admiralty (2d ed. 1975) 210–215. This is so, because demurrage is generally based upon a contract, and since the contract of carriage is made with the charterer, and not the consignee, the former is responsible to the carri-

er for demurrage. 70 Am.Jur.2d 691, Shipping § 610. (There are exceptions, however, where the bill of lading contains a stipulation that the consignee will pay the demurrage and the consignee accepts delivery of the goods, or where the delay at the point of delivery is caused by the fault of the consignee. Id.) It is said, however, that the consignee " * * * is not liable for demurrage where he assigns the bill of lading before any cargo is delivered, and delivery is made to the assignee accordingly. * * * " Id.

judgment, in each of its alternatives, hereby is

DENIED.