**Lucian S. MINOR, Plaintiff/Appellee,**

v.

**Eugie L. MINOR, Defendant/Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

March 22, 1993.

Application for Permission to Appeal
Denied by Supreme Court
June 28, 1993.

Eugene Greener, Jr., Harriette R. Coleman, Goodman, Glazer, Greener, Schneider & Kremer, P.C., Henry C. Shelton, III, Evans & Petree, Memphis, for defendant/appellant.

Lucius E. Burch, Jr., Joe M. Duncan, Beth Weems Bradley, Burch, Porter & Johnson, Memphis, for plaintiff/appellee.

FARMER, Judge.

This appeal concerns the validity of a reconciliation agreement executed in 1978. The

trial court granted Husband's motion for partial summary judgment, holding the Reconciliation and Property Settlement Agreement dated June 22, 1978 to be valid and enforceable in accordance with its terms. This Court granted Wife's application for permission to appeal pursuant to Rule 9 T.R.A.P.

The parties married in 1973. Both parties had been married previously. Husband was born in 1916 and Wife in 1928. Husband filed a complaint for divorce on March 6, 1991, wherein he prayed that the agreement be approved and reduced to judgment. Wife responded with an answer and counter-complaint.

The agreement of June 22, 1978 provided that the parties were estranged and separated, each was contemplating divorce from the other, and they desired to become reconciled and to jointly attempt to preserve their marriage. It further provided that disputes and uncertainties relating to property were among the principle causes of controversy of the parties and they mutually desired to settle property rights as between them in the event of a successful reconciliation or in the event that reconciliation failed and a divorce occurred. The agreement provided that they would resume cohabitation promptly following the execution of the agreement and shall be reconciled for a period of at least sixty days. Husband agreed within twenty days of the execution of the agreement to convey to Wife an estate by the entirety in the marital residence, a condominium in Memphis. Also within twenty days, Husband agreed to execute a new will to provide for the devise to Wife of at least 90% of his net residuary estate. Husband agreed to pay Wife's reasonable attorney's fees. In the event reconciliation failed and subsequent separation lasted for as long as thirty days, at the expiration of said thirty day period Husband agreed to pay Wife $2,000 per month during the period of separation or divorce until her death or remarriage. Further in the event of separation lasting for as long as thirty days, Wife was to receive Husband's undivided interest in the marital residence. The parties further agreed that the agreement would be governed by the laws of this state and more particularly as

expressed by the opinion in *Hoyt v. Hoyt,* 213 Tenn. 117, 372 S.W.2d 300 (1963).

Wife presents the following issues:

1. Did the trial court err in limiting discovery to facts surrounding the execution of the Reconciliation and Property Settlement Agreement dated June 22, 1978, (hereinafter referred to as the "Agreement" or the "Minor Agreement")?

2. Did the trial court err in permitting Mr. Minor to depose Mrs. Minor's former attorney to obtain testimony as to confidential communications made to him by Mrs. Minor, as well as to his opinions and conclusions based thereon, and in then allowing Mr. Minor to use her former attorney's testimony against her?

3. As a matter of public policy, is the Agreement void due to Mr. Minor's refusal to furnish Mrs. Minor the full and fair disclosure she requested, inasmuch as she had inadequate independent knowledge of same and inasmuch as the Agreement did not adequately provide for her?

4. As a matter of public policy, is the Minor Agreement void inasmuch as the parties reconciled prior to its final negotiation and execution?

5. As a matter of public policy, is the Minor Agreement void inasmuch as it contains provisions which are collusive, directly conducive to divorce and/or which violate the spirit and the letter of statutory law?

6. Is Mr. Minor precluded by application of ordinary contract law principles from specifically enforcing the Agreement against Mrs. Minor?

 a. it lacks legally sufficient consideration;

 b. it has been repudiated by Mr. Minor; and

 c. an unreasonable time has elapsed for enforcement of its provisions.

7. If the answer to all of the above issues is "no," are genuine issues of material fact presented as to whether "vitiating circumstances" surrounded the execution of the Agreement?

8. If the Reconciliation Agreement is valid and enforceable against Mrs. Minor,

does it deprive the Court of the power to equitably divide the marital property and the appreciation of the separate property of the parties in a divorce action?

9. If the Reconciliation Agreement is valid and enforceable against Mrs. Minor, does it deprive the Court of the power to award alimony and attorney's fees in a divorce action?

 We will first address the sixth issue as we have determined it is dispositive. The agreement does not specify a duration and is thus for an indefinite term. Reconciliation agreements are generally governed by the same principles as prenuptial or ante-nuptial agreements. *Gilley v. Gilley*, 778 S.W.2d 862 (Tenn.App.1989). Prenuptial or antenuptial agreements are to be interpreted and enforced as any other contract. *Kahn v. Kahn*, 756 S.W.2d 685, (Tenn.1988). A qualifying word which must be read into every contract is the word "reasonable," or its equivalent "reasonably." *Moore v. Moore*, 603 S.W.2d 736, 739 (Tenn.App.1980).

 Where no provision is made in the contract for performance, a reasonable time is implied. Completion of a contract within a reasonable time is sufficient if no time is stipulated. Where the parties have not clearly expressed the duration of the contract, or where the duration of the contract is indefinite, the courts will imply that they intended performance to continue for a reasonable time. 17A Am.Jur.2d Contracts § 479 (1991). "What constitutes a reasonable time within which an act is to be performed where a contract is silent upon the subject depends on the subject matter of the contract, the situation of the parties, their intention in what they contemplated at the time the contract was made, and the circumstances attending the performance." *Id.* § 480.

 It has long been held in this jurisdiction that contract terms may be implied in appropriate cases. *Dunlap Lumber Co. v. Nashville, C. & St. L. Ry. Co.*, 129 Tenn. 163, 175, 165 S.W. 224 (1914); *Hoskins v. United States*, 299 F.Supp. 1229, 1232 (E.D.Tenn. 1969), *aff'd*, 425 F.2d 1301 (6th Cir.1970);

*Hickman, Williams and Co. v. Ingram Coal Co.*, 601 F.Supp. 5 (M.D.Tenn.1984); *Bailey v. Chattem, Inc.*, 684 F.2d 386, 396 (6th Cir. 1982); *Hamblen County v. City of Morristown*, 656 S.W.2d 331, 334 (Tenn.1983). A contract must be construed with reference to the situation of the parties, the business to which it relates and its subject matter. 7 Tn.Juris. *Contracts*, § 56 (1983).

We do not believe that a period in excess of twelve years is a reasonable time for the enforcement of a reconciliation agreement. Considering the circumstances of this case, at the time of the execution of the agreement Husband was age 62 and Wife 49. When Husband filed the present complaint in 1991, they were 75 and 62 years of age respectively. There is evidence in the record that the marital estate has increased significantly. The agreement made no provision for a distribution of marital property acquired during the several years that lapsed between the execution of the agreement and the filing of the present complaint. Wife's needs and Husband's ability to pay alimony, if deemed appropriate, must be considered in light of the parties' present circumstances, not as they were twelve to thirteen years ago when the agreement was executed.

 Husband contends that Wife is estopped from contesting the validity of the agreement because she has accepted benefits therefrom. We agree that this is generally a correct statement of law. *Hoyt*, 372 S.W.2d at 305. *Hoyt* held that the spouse who had received a substantial benefit from the other spouse under the terms of a reconciliation agreement was estopped from questioning the validity of the contract on the ground of lack of mutuality.[1] Also, the law does not favor the destruction of contracts for uncertainty, particularly where one of the parties has performed his part of the contract. *Apco Amusement Co., Inc. v. Wilkins Family Restaurants of America, Inc.*, 673 S.W.2d 523, 528 (Tenn.App.1984) (citing 17 Am.Jur.2d *Contracts* § 75 (1964)). However, we are of the opinion that a more disadvantaged spouse should not be required to refuse benefits which may be needed for living ex-

---

1. The attempt at reconciliation lasted only a few months.

penses and/or a place to live while contesting the validity of a reconciliation agreement executed several years before.

 We do not intend to convey that a reconciliation agreement must set out an expiration date. To the contrary, the added pressure of meeting a specific deadline could conceivably be a detriment to reconciliation and therefore, contrary to the public policy of this state. Nevertheless, a reasonable time is implied in such an agreement.

The judgment of the trial court is reversed and this cause is remanded for further proceedings. Certainly the trial court can consider any transfer of assets which has already taken place in arriving at an equitable distribution of property and award of alimony, if alimony is determined to be appropriate.

The remaining issues are pretermitted. The costs of this appeal are taxed to the appellee, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.