# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 19, 2002 Session

## TERESA LYNN KIDWELL ATKINS v. RONAL LEE ATKINS

**Appeal from the Chancery Court for Union County**
**No. 3620    John D. McAfee, Judge**

**FILED DECEMBER 19, 2002**

**No. E2001-02043-COA-R3-CV**

---

D. MICHAEL SWINEY, J., concurring in results only.

I concur with the majority's decision to affirm the Trial Court's judgment not to enforce the Reconciliation Agreement. The basis for my affirmance, however, would be the Trial Court's finding of "bad faith" by the Husband with regard to the Reconciliation Agreement. I believe the record more that adequately supports the Trial Court's finding, and I believe the Reconciliation Agreement should not be enforced for that reason. I, however, do not agree with the majority's holding that "a reasonable time for performance had passed when Wife initiated the instant divorce action" and, therefore, the Reconciliation Agreement was no longer enforceable by either party. The very event contemplated by the Reconciliation Agreement, "any subsequent Divorce Suit. . .", has come to pass after performance by both parties when they reconciled. I agree with the majority that this contract should be evaluated under general contract principles. *See Minor v. Minor*, 863 S.W. 2d 51, 54, (Tenn Court App. 1997). This being so, I see no reason that the mere passage of time after performance by the parties under the contract, their reconciliation, relieves Wife from this one particular term of the Reconciliation Agreement. As stated, I do concur with the majority's ultimate decision affirming the Trial Court's refusal to enforce the Reconciliation Agreement.

---

D. MICHAEL SWINEY, JUDGE