# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 19, 2002

## TERESA LYNN KIDWELL ATKINS v. RONAL LEE ATKINS

**Appeal from the Chancery Court for Union County**
**No. 3620     John D. McAfee, Judge**

### FILED DECEMBER 19, 2002

### No. E2001-02043-COA-R3-CV

This is a divorce case involving the enforceability of a reconciliation agreement ("the Agreement"), providing that Teresa Lynn Kidwell Atkins ("Wife") will not make a claim "in any subsequent [d]ivorce [s]uit or [l]egal [p]roceeding" to a mobile home and acreage titled in the name of Ronal Lee Atkins ("Husband"). The trial court held that the Agreement – which was some nine years old when Wife filed the instant divorce action – was no longer enforceable. The court then found the subject property to be marital property and proceeded to award it to Wife as a part of her equitable division of marital property. Husband appeals, insisting that he is entitled to the mobile home and acreage pursuant to the terms of the Agreement. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., joined. D. MICHAEL SWINEY, J., filed a separate opinion concurring in results only.

Danny C. Garland, II, Knoxville, Tennessee, for the appellant, Ronal Lee Atkins.

Sherry L. Mahar, Knoxville, Tennessee, for the appellee, Teresa Lynn Kidwell Atkins.

### OPINION

#### I.

Husband and Wife were married on August 23, 1985. Some 14 years later, on July 22, 1999, Wife filed for divorce and Husband counterclaimed for the same relief. Following a bench trial, the court below granted Wife a divorce on the ground of cruel and inhuman treatment. Dividing the marital property as it deemed equitable, the court awarded Wife, among other things, sole ownership of the couple's residential property. This property consists of a mobile home and the land upon

which it sits, being approximately 3.26 acres in size and being the same property mentioned in the Agreement.[1]

At an earlier time, in 1990, Wife had filed for divorce. While the 1990 divorce case was pending, the parties agreed to reconcile. As a part of their reconciliation, Husband insisted that Wife sign a document prepared by his attorney entitled, "Reconciliation Agreement." The Agreement provides, in pertinent part, as follows:

*   *   *

WHEREAS, the two parties desire to reconcile and settle their differences and voluntarily drop and dismiss the Complaint filed by each party against each other, and

WHEREAS, the two parties have agreed that as a specific condition of reconciliation and the dismissal by Ronald [*sic*] Lee Atkins and of his Counter-Complaint against his wife, Teresa Lynn Atkins, that Teresa Lynn Atkins agrees that she will not hereafter claim any right, title and interest in the Real Property and Mobile Home, located in Union County, Tennessee, that is presently owned by Ronald [*sic*] Lee Atkins, said real property and Mobile Home being the separate property of Ronald [*sic*] Lee Atkins which was acquired and purchased by the Said Ronald [*sic*] Lee Atkins prior to his marriage to Teresa Lynn Atkins.

NOW, THEREFORE, in consideration of the premises [*sic*] and the mutual covenants and undertaking set forth herein, the two parties have agreed as follows:

1. Teresa Lynn Atkins agrees that she will drop, withdraw and move to dismiss the Original Complaint for Divorce which she heretofore filed against Ronald [*sic*] Lee Atkins in the Chancery Court for Union County, Tennessee. Teresa Lynn Atkins agrees to pay all court costs owed to the Clerk of the Court in said case.

2. *Teresa Lynn Atkins agrees that she will not hereafter in any subsequent Divorce Suit or Legal Proceeding claim or attempt to claim any right, title and interest in the real property and Mobile Home located in Union County, Tennessee which is presently owned by Ronald [sic] Lee Atkins, and recognizes and concedes that said Real Property and Mobile Home were acquired by Ronald [sic] Lee*

---

[1]Wife was also awarded some adjacent real property, but this additional property is not at issue on this appeal.

*Atkins prior to his marriage to her, and that said property is not marital Property within the meaning of the laws of the State of Tennessee, thereby entitling her to an equitable share of same.*

*3.  In consideration of the above outlined matters, Ronald [sic] Lee Atkins agrees that he will drop, withdraw and move to dismiss the Counter-Complaint which he heretofore filed against Teresa Lynn Atkins in the Chancery Court For Union County, Tennessee, reconcile his differences with and resume the marital relationship with Teresa Lynn Atkins as Husband and Wife.*

\*      \*      \*

(Emphasis added).

The Agreement purports to effectively strip Wife of any claim to the referenced property. The Agreement has no stated term for performance other than "hereafter."  It is not dated, and apparently was not filed with the court before which Wife's divorce suit was pending; however, an order of dismissal was filed in that court proceeding on August 24, 1990.

Wife does not dispute signing an agreement at the time of the parties' reconciliation. She testified that she is not sure if the above-quoted language was in the document she signed.  In any event, she presented evidence tending to show that Husband was guilty of bad faith, undue influence and duress, and she argues that this conduct voids the Agreement.  The trial court did not rely on this evidence in its final order, nor do we.  Simply stated, since we find another basis for denying enforceability to the Agreement, we do not find it necessary to determine whether the Agreement was void *ab initio.*

On July 22, 1999, some nine years after reconciling, Wife again filed for divorce.  Husband again responded with a counterclaim.  This is the case presently before us on appeal.  Following a bench trial, the court below made what it considered to be an equitable division of the parties' marital property.  In making this division, the court refused to enforce the terms of the Agreement. As previously stated, the court awarded Wife the property alluded to in that document.  In denying Husband's motion for a new trial, the court stated that the Agreement was too old to be enforced, citing as its authority the case of ***Minor v. Minor***, 863 S.W.2d 51 (Tenn. Ct. App. 1993).

II.

This appeal involves an issue of contract interpretation; this issue presents a question of law, which we review *de novo*, with no presumption of correctness attaching to the trial court's judgment. ***Eyring v. East Tennessee Baptist Hosp.***, 950 S.W.2d 354, 358 (Tenn. Ct. App. 1997).

III.

Reconciliation agreements do not violate the public policy of this state. Hence, such contracts, under appropriate circumstances, can be enforced. *Hoyt v. Hoyt*, 213 Tenn. 117, 119, 125-26, 372 S.W.2d 300, 301, 303-04 (1963). In general terms, reconciliation agreements are interpreted in a manner similar to the approach utilized in construing antenuptial agreements. Such latter agreements are evaluated under general contract principles. *Minor*, 863 S.W.2d at 54.

In 1980, the General Assembly enacted what is now codified at Tenn. Code Ann. § 36-3-501 (2001). That statute explicitly makes antenuptial agreements legally enforceable. It provides as follows:

> Notwithstanding any other provision of law to the contrary, except as provided in § 36-3-502, any antenuptial or prenuptial agreement entered into by spouses concerning property owned by either spouse before the marriage which is the subject of such agreement shall be binding upon any court having jurisdiction over such spouses and/or such agreement if such agreement is determined, in the discretion of such court, to have been entered into by such spouses freely, knowledgeably and in good faith and without exertion of duress or undue influence upon either spouse. The terms of such agreement shall be enforceable by all remedies available for enforcement of contract terms.

The statute does not specify that the passage of time is a factor to be considered in determining the enforceability of an antenuptial agreement. However, reconciliation agreements are fundamentally different from antenuptial agreements. An antenuptial agreement is executed *in contemplation of marriage*. It is

> favored by public policy as conducive to the welfare of the parties and the best purpose of the marriage relationship, and to prevent strife, secure peace, adjust rights, and settle the question of marital rights in property, thus tending to remove one of the frequent causes of family disputes – contentions about property and especially allowances to the wife.

*Sanders v. Sanders*, 40 Tenn. App. 20, 30, 288 S.W.2d 473, 477 (1955) (quoting 26 Am. Jur. *Husband & Wife* § 275, at 883 (1940)). A reconciliation agreement, on the other hand, is executed *following a separation during a marriage*. Its purpose, "everything else being equal, is to bring the parties together." *Hoyt*, 213 Tenn. at 127, 372 S.W.2d at 304. Tennessee courts have noted this difference. In *Minor*, 863 S.W.2d at 55, where a reconciliation agreement contained no express period of time for performance, a panel of this court held that such an agreement is effective only for a reasonable period of time under the circumstances. *Cf. Boone v. Boone*, No. 02A01-9507-CH-

-4-

00144, 1997 Tenn. App. LEXIS 215, at \*16-\*18 (Tenn. Ct. App. WS, filed Mar. 27, 1997) (construing an antenuptial agreement and finding it valid despite the passage of time and the *Minor* decision), *citing **Perkinson v. Perkinson***, 802 S.W.2d 600, 603 (Tenn. 1990) (construing an antenuptial agreement and stating that the length of the marriage is not relevant to the fairness of an antenuptial agreement and will not be a basis for setting it aside).

IV.

As previously stated, Wife argues that we should not honor the Agreement because it is too old and because it was entered into under questionable circumstances. While the trial court made a finding of "bad faith" on the part of Husband with regard to the Agreement, it chose to rely on the Agreement's age as the sole basis for refusing to enforce it.

When determining a reasonable time for performance of a contract that is silent on the issue, a court must look to the nature and purpose of the contract and the situations of the parties. *Minor*, 863 S.W.2d at 54. The Agreement contains no term for performance. This brings into play the following principle as set forth in *Minor*:

> Where no provision is made in the contract for performance, a reasonable time is implied. Completion of a contract within a reasonable time is sufficient if no time is stipulated. Where the parties have not clearly expressed the duration of the contract, or where the duration of the contract is indefinite, the courts will imply that they intended performance to continue for a reasonable time.

*Id*. Under *Minor*, we must determine whether a reasonable time for performance had passed when Wife initiated the instant divorce action. We hold that it had. The parties' reconciliation endured for some nine years, achieving the general purpose of the Agreement, *i.e.*, "to bring the parties together." *Hoyt*, 372 S.W.2d at 304. During the period of reconciliation, the value of the disputed property increased substantially, from $3,000 to $18,000. Considering the nature and purpose of the Agreement, we hold that the time for performance had expired when Wife filed for divorce in 1999. Accordingly, we hold that the Agreement was no longer enforceable by either party. Therefore, the trial court was correct in dividing the parties' marital property without regard to its terms.[2]

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the defendant, Ronal Lee Atkins. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law.

---

[2]Aside from his insistence that the Agreement should be enforced, Husband does not challenge the equitable nature of the court's division of marital property.

_____
CHARLES D. SUSANO, JR., JUDGE