IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief, January 15, 2004

## DOROTHY SUE BRYANT v. DAMON EUGENE BRYANT

**Appeal from the Chancery Court for Obion County**
**No. 23405      W. Michael Maloan, Chancellor**

_____

**No. W2003-01906-COA-R3-CV - Filed April 28, 2004**

_____

This case involves an antenuptial agreement. Prior to their marriage, the husband and wife entered into an antenuptial agreement which stated that each party waived his or her interest in any property acquired after the marriage in the individual spouse's name. After a nearly twenty-year marriage, the wife filed for divorce. During the divorce proceedings, the wife argued that the antenuptial agreement should not affect the trial court's division of property acquired during the marriage. The trial court enforced the antenuptial agreement, awarding all property held in the husband's name to the husband, regardless of whether it would otherwise have been classified as marital property. The wife appeals. We affirm, finding that the wife waived her interest in the property under the antenuptial agreement and that the evidence does not preponderate against either the enforceability of the agreement or the trial court's division of property.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

James H. Bradberry, Dredsen, for the appellant Dorothy Sue Bryant.

Damon E. Campbell, Union City, for the appellee Damon Eugene Bryant.

**OPINION**

Plaintiff/Appellant Dorothy Sue Bryant ("Wife") and Defendant/Appellee Damon Eugene Bryant ("Husband") were married on August 28, 1982. The day before their wedding, Wife and Husband executed a Premarital Agreement ("Agreement"). The Agreement contained a typical provision stating that separate property owned by each party prior to the marriage remained the separate property of that party. In addition, the Agreement included a provision stating: "[Wife] understands that she is waiving all interest in any hereinafter acquired property of [Husband] which is acquired by any means in his individual name." The Agreement had a similar provision as to Husband, in which he waived any interest in property acquired by Wife in her name. Therefore,

under the Agreement, personal property acquired in the name of either Husband or Wife, even if acquired with marital funds, was the separate property of the party in whose name it was acquired.

The parties remained married nearly twenty years. During the course of the marriage, the parties had two sons, born in 1983 and 1984. They acquired both real and personal property. Numerous items purchased with marital funds were put in Husband's name, with some put in Wife's name.

Wife filed for divorce on February 4, 2002. Her complaint and amended complaint each included a request for an equitable distribution of the marital property. In Wife's affidavit of assets and liabilities, she valued the marital assets at $229,238. Husband's Answer maintained that the division of property should be governed by the Agreement, and particularly the provisions regarding the parties' post-marriage acquisition of property. In his affidavit of assets and liabilities, Husband separated all of the property acquired after marriage into either separate property under the Agreement or marital assets. He categorized all property in his name as his separate property, and property in Wife's name as her separate property. He then valued the property owned in his name at $109,500,[1] and he valued Wife's assets at $9,300. Husband categorized the remaining items as marital property, and valued the marital estate at $83,850. Thus, there was a difference of $145,388 in the value the parties placed on the marital estate.

The trial was held on April 30, 2003. The primary issue at trial was the effect of the Agreement on the property division. Wife argued that the provision regarding the waiver of rights in after-acquired property had no effect, even on property taken in the name of one spouse or the other, because the property was acquired through the parties' joint efforts and should be considered marital property. Husband responded that both parties had freely entered into the Agreement and should be bound by its terms, regardless of whether their property would otherwise be classified as separate or marital property. In an oral ruling, the trial court held that the provision was enforceable:

> [T]hese parties entered into a premarital agreement in 1982, and it's very clear that they settled their property rights and that paragraph 5 states that [Wife] understands that she is waiving all interest in any hereinafter acquired property of [Husband] which is acquired by any means in his individual name.

The trial court acknowledged that this result of the decision might be inequitable: "[Husband] has a very substantial individual separate estate and [Wife] has virtually little, and I understand it may not be fair, but it's a contract, and it's binding on the parties, and the Court has to give it full meaning and effect." The trial court observed that "[t]he marital estate, after considering the premarital agreement, is relatively small in light of the separate holdings of the property." The

---

[1]This amount does not include the value Husband placed in his gun collection. His affidavit cites to a separate appraisal for the value of the collection, but the appraisal is not in the record. Wife valued the collection at $15,000. The asset's value is not necessary for the disposition of this appeal.

marital estate was divided and Wife was awarded $300 per month in alimony *in futuro*. From that order, Wife now appeals.

The only issue on appeal is whether the trial court erred in giving effect to the Agreement and classifying all after-acquired personal property in one party's name as the separate property of that party, even if it was acquired with marital funds or by the parties' joint efforts. In a divorce, the trial court is charged with equitably dividing the marital property. Tenn. Code Ann. § 36-4-121(a)(1) (2001 & Supp. 2002). In order to do this, the trial court must classify the parties' property as either marital or separate, as separate property is not subject to division. ***Dunlap v. Dunlap***, 996 S.W.2d 803, 814 (Tenn. Ct. App. 1998). The trial court's classification and division of the parties' property is reviewed *de novo* with a presumption of correctness, and will be reversed only if the preponderance of the evidence is otherwise. ***Id.*** Likewise, we review the trial court's decision regarding the enforceability of an antenuptial agreement *de novo* with a presumption of correctness under Rule 13(d) of the Tennessee Rules of Appellate Procedure. ***See In re Estate of Belew***, No. 03A01-9807-CH-00206, 1998 WL 881863, at *4 (Tenn. Ct. App. Dec. 17, 1998) (citations omitted) ("The Tennessee courts which have considered the fair and full disclosure issue have uniformly determined it to be factually driven.") However, because antenuptial agreements are treated as any other contract, ***Minor v. Minor***, 863 S.W.2d 51, 54 (Tenn. Ct. App. 1993), their interpretation is considered a matter of law, subject to *de novo* review with no presumption of correctness. ***See Clark v. Rhea***, No. M2002-02717-COA-R3-CV, 2004 WL 63476, at *2 (Tenn. Ct. App. Jan. 13, 2004).

In the statutes governing the distribution of marital property, marital property is defined in part as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce." Tenn. Code Ann. § 36-4-121(b)(1)(A). Separate property is defined as:

> (A) All real and personal property owned by a spouse before marriage . . . ;
> (B) Property acquired in exchange for property acquired before the marriage;
> (C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1);
> (D) Property acquired by a spouse at any time by gift, bequest, devise or descent;
> (E) Pain and suffering awards, victim of crime compensation awards, future medical expenses, and future lost wages; and
> (F) Property acquired by a spouse after an order of legal separation where the court has made a final disposition of property.

***Id.*** § 36-4-121(b)(2) (Supp. 2002). Thus, in general, personal property acquired by a spouse during marriage is considered marital property, unless it fits the definition of separate property set forth in subparts (B) through (F) above, regardless of the name listed on the title to the property.

The statute governing the distribution of marital property also contains a provision which states, "Nothing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties regarding the division of property." *Id.* § 36-4-121(g)(1) (2001 & Supp. 2002). The statute continues: "Nothing in this section shall affect validity of an antenuptial agreement which is enforceable under § 36-3-501." *Id.* § 36-4-121(g)(2).

Section 36-3-501 addresses the enforcement of antenuptial agreements. It provides: "[A]ny antenuptial or prenuptial agreement entered into by spouses concerning property owned by either spouse before the marriage which is the subject of such agreement shall be binding upon any court having jurisdiction over such spouses and/or such agreement . . . ." *Id.* § 36-3-501. Such an antenuptial agreement may be enforced only "if such agreement is determined, in the discretion of such court, to have been entered into by [the] spouses freely, knowledgeably and in good faith and without exertion of duress or undue influence upon either spouse." *Id.* So long as this requirement is met, its enforceability is not affected by the fact that the resulting distribution of assets to each party is disproportionate. *See Kahn v. Kahn*, 756 S.W.2d 685, 692 (Tenn. 1988) (quoting *Baker v. Baker*, 142 S.W.2d 737, 746 (Tenn. Ct. App. 1940)).

Although the statute specifies property owned prior to marriage, Tennessee courts have held "that the subject matter of prenuptial agreements is not limited to the disposition of property owned by the parties before their marriage." *Soloman v. Murrey*, 103 S.W.3d 431, 434 (Tenn. Ct. App. 2002) (enforcing provision of antenuptial agreement which resulted in the husband reimbursing the wife for his share of the living expenses that arose during the marriage); *see also Cary v. Cary*, 937 S.W.2d 777, 781 (Tenn. 1996) ("Although this statute does not specifically govern antenuptial provisions waiving or limiting alimony, it is persuasive evidence that antenuptial agreements are favored and not repugnant to the public policy of this State.").

On appeal, Wife argues that, despite the Agreement, property obtained during the marriage in the name of an individual spouse should be considered marital property and distributed equitably. She argues that because she contributed to the acquisition, preservation and appreciation of many of the items titled separately in Husband's name, this property did not fit the statutory definition of separate property and thus should have been considered marital property. In addition, she contends that she could not have entered into the Agreement "knowledgeably" because the Agreement applied to assets to be acquired in the future, thus rendering impossible full disclosure of the affected assets at the time the parties executed the Agreement, and further because Wife was not represented by counsel at the time it was executed. Moreover, Wife maintains that antenuptial agreements do not apply to property fitting the "classical definition of marital property."

We first address Wife's contention that she did not knowledgeably enter into the Agreement, because she did not know what assets Husband would own in the future and because she was not represented by counsel at the time the Agreement was executed. By enforcing the Agreement, the trial court implicitly found that the parties entered the Agreement freely, knowledgeably and in good faith, without duress or undue influence. *See* Tenn. Code Ann. § 36-3-501. Although representation

-4-

by independent counsel is evidence that the parties entered the Agreement freely and knowledgeably, it is not a prerequisite to such a finding. ***Randolph v. Randoph***, 937 S.W.2d 815, 822 (Tenn. 1996). The Agreement in this case is short and straightforward and clearly applies to property acquired by the parties in the future. Under these circumstances, we cannot conclude that the evidence preponderates against the trial court's implicit finding that Wife freely and knowledgeably entered into the Agreement.

Wife also argues that the Agreement should not be applied to the property at issue because it does not fit the statutory definition of separate property and because she contributed to the acquisition, preservation and appreciation of the property. Under the terms of the Agreement in this case, it does not matter whether the property fits the statutory definition of separate property or marital property, or whether Wife contributed to the acquisition, preservation or appreciation of the property. Under the explicit terms of the Agreement, regardless of how the property would be classified, Wife waives all interest in any property acquired "by any means" in Husband's name. Although it leads to a harsh result in this case, under the circumstances, we cannot conclude that the trial court erred in following the Agreement's plain terms.

The decision of the trial court is affirmed. Costs of this appeal are taxed against Plaintiff/Appellant Dorothy Sue Bryant and her surety, for which execution may issue if necessary.

 

 

 

_____
HOLLY M. KIRBY, JUDGE